IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINCINNATI SPECIALTY UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

vs.                                                  Civ. No. 15-572 KG/WPL

ALBUQUERQUE NAVAJO LODGE 863
I.B.P.O.E. OF W.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    Plaintiff Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") filed a Motion for Default Judgment (Doc. 8) against Defendant Albuquerque Navajo Lodge 863 I.B.P.O.E. of W., a nonprofit corporation. ("Navajo Lodge"). Navajo Lodge filed a response (Doc. 10), and Cincinnati filed a reply (Doc. 11). Based on a review of the record, the briefing, and the relevant law, the Court grants default judgment in favor of Cincinnati and against Navajo Lodge.

    This case is a declaratory judgment action brought by Cincinnati on July 2, 2015, and amended on July 22, 2015. (Docs. 1, 3.) Cincinnati requests that the Court find that Cincinnati has no duty to defend or indemnify Navajo Lodge in state lawsuits brought by Edwin Wilson, Tausha Urbano, and Gerry Maden for damages relating to injuries sustained at the Navajo Lodge during a comedy performance. Wilson alleged injuries to his spine caused by gunfire that struck him as he was leaving the Navajo Lodge on February 14, 2015. Urbano alleged that she was struck by gunfire in the leg, and Maden alleged that he was struck by a bullet in the chest, both

on February 14, 2015, while they were walking toward the entrance of the Navajo Lodge. Navajo Lodge has requested that Cincinnati provide coverage for the claims brought by Wilson, Urbano, and Maden under an insurance policy ("Policy") issued to it by Cincinnati.

Cincinnati alleges that it has no duty to indemnify or defend Navajo Lodge against Wilson's claims because the Policy contains exclusions for coverage of claims that arise from a firearm or ammunition and claims derived from an assault or battery. (Doc. 3) at 5-7; (Doc. 1) Ex. A.

Cincinnati served Navajo Lodge with the original summons on July 13, 2015, and amended summons on July 24, 2015. (Doc. 6) Ex. A; (Doc. 4.) Navajo Lodge failed to file a responsive pleading within the time provided by Federal Rules of Civil Procedure 12(a)(1) and 15(a)(3), and the Clerk entered default on September 9, 2015. (Doc. 7.)

Cincinnati filed the present Motion for Default Judgment on October 20, 2015. (Doc. 8.) Cincinnati argues first that it is entitled to a default judgment because of Navajo Lodge's failure to file a responsive pleading. Cincinnati also contends that it is entitled to a declaratory judgment on the merits "because the language of the Policy plainly and unequivocally excludes coverage for the claims asserted in the underlying lawsuits against [Navajo Lodge]." (Doc. 8) at 3. Specifically, Cincinnati posits that both the firearms or ammunition and assault or battery exclusions, in both the entire Policy as well as in the Liquor Liability Endorsement, preclude coverage.

On October 26, 2015, Barry Watson, a non-attorney representative from Navajo Lodge, emailed the Court a letter, which the Court filed the same day.[1] (Doc. 10.) Through Watson,

---

[1] The Court notes that Local Rule 83.7 states that "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02

Navajo Lodge acknowledges receipt of the filings in this case but states that the organization cannot afford to hire an attorney.  Navajo Lodge also asserts that "Cincinnati insurance lawsuit was filed with only the gun allegation and not all other allegations," and that such allegations should not be included in a default judgment.  Navajo Lodge cites *Lopez v. N.M. Pub. Sch. Ins. Auth.*, 1994-NMSC-017, 870 P.2d 745, for the proposition that an insurer must defend and provide coverage until all allegations are heard.  Finally, Navajo Lodge asks for the case to be stayed, and perhaps default overturned, until the state lawsuits against Navajo Lodge are decided.[2]

Cincinnati replies that it is entitled to a default judgment because Navajo Lodge has failed to file a responsive pleading, and its letter indicates that it does not intend to do so. Further, Cincinnati contends that Navajo Lodge has not provided any basis for overturning the entry of default or for precluding the entry of a default judgment.  Cincinnati points out that Federal Rule of Civil Procedure 55(c) requires "good cause" to set aside an entry of default, and it asserts that Navajo Lodge has failed to establish such good cause for several reasons. Cincinnati cites *Upky v. Lindsey*, No. CIV 13-0553 JB/GBW, 2015 WL 1918229, at *10 (April 7, 2015) (unpublished) (citations omitted), for the proposition that

> [w]hile there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense.

---

(1993) (stating that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").  Assuming the Court determined not to grant a declaratory judgment based on Cincinnati's meritorious arguments, Navajo Lodge in that event would be required to obtain counsel or face a default judgment on that basis.

[2] Had Navajo Lodge obtained counsel as required by Local Rule 83.7, counsel might have filed a motion to stay or motion for extension of time to respond to the allegations in the motion for default judgment.

3

First, Cincinnati argues that Navajo Lodge willfully decided not to respond or in any way defend against the declaratory judgment action.  Second, Cincinnati asserts that it will be prejudiced if the Court sets aside the entry of default because the language in the Policy is unambiguous that the Policy does not cover the claims asserted against Navajo Lodge in the state cases.  Cincinnati would then be forced to expend additional funds to obtain a declaratory judgment in its favor, to which it is allegedly entitled.  Cincinnati cites numerous federal district and state court cases for the proposition that other courts have similarly found weapon and assault or battery exclusions in insurance policies to preclude coverage for injuries from such causes.  (*See* Doc. 11) at 3-5.  Finally, Cincinnati argues that it is entitled to a declaratory judgment because Navajo Lodge has not raised any meritorious defenses.  In particular, Cincinnati asserts that, while Navajo Lodge refers generically to other allegations in the underlying lawsuits, Navajo Lodge has failed to identify any particular allegation that supports a finding of coverage under the Policy.  Cincinnati also argues that Navajo Lodge's citation to *Lopez* is misplaced because in that case, the factual allegations in the underlying lawsuits were vague, with the alleged cause of the alleged damages unclear.  1994-NMSC-017, ¶ 12.  In contrast, Cincinnati contends, there is no dispute in this case that the damages alleged in the state cases arise from alleged shots from a firearm and/or assault or battery.

Navajo Lodge does not challenge the alleged facts outlined in Cincinnati's amended Complaint.  "Once default judgment is requested, the Court must determine whether the unchallenged facts alleged create a legitimate basis for the entry of a judgment." *Nautilus Ins. Co. v. Voss Enters., Inc.*, No. 14-CV-01675-CMA-CBS, 2015 WL 996441, at *5 (D. Colo. Mar. 2, 2015) (unpublished) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).  "In determining whether judgment should enter, the Court treats the well-pleaded facts in a

complaint as true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Therefore, the Court accepts the well-pleaded facts in Cincinnati's amended Complaint as true.

The Policy provides,

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury"

> 1. Arising out of the ownership, rental, use, handling, design, manufacture, distribution, sale, transport, receipt, maintenance or repair, disposal, or advertising of any firearm or ammunition by any insured, their employees, patrons or any other person at any time.

(*See* Doc. 3) at 5. As to assault or battery, the Policy provides,

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

> (1) An actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person[.]

(*Id.*) at 6. The Policy contains a further Liquor Liability Coverage Endorsement that states, "This insurance does not apply to: h. Assault or Battery[.]" (*Id.*) at 7.

Courts have found that similar provisions preclude coverage where applicable and do not require indemnification from the insurance company. *See, e.g.*, *Seneca Specialty Ins. Co. v. 845 N., Inc.*, No. 3:14-CV-922-J-34PDB, 2015 WL 3400415, at *4 (M.D. Fla. May 26, 2015) (unpublished) (finding no coverage for nightclub shooting due to either firearms or assault or battery provisions in insurance policy); *Nautilus Ins. Co.*, 2015 WL 996441, at *5 (finding assault or battery exclusions unambiguous and therefore insurer had no duty to defend or indemnify insurance company based on physical altercation at bar); *U.S. Liab. Ins. Co. v. Parchman*, No. 1:11-CV-01244-TWP-DML, 2013 WL 2600406, at *3 (S.D. Ind. June 11, 2013) (unpublished) (finding no coverage for shooting at insured's event in presence of similar

firearms provision); *Tower Ins. Co. of New York v. Lormejuste*, No. 4:11CV226-RS/CAS, 2012 WL 1986881, at *8 (N.D. Fla. Apr. 23, 2012), *report and recommendation adopted sub nom. Tower Ins. Co. of New York v. Lormejuste*, No. 4:11-CV-226/RS-CAS, 2012 WL 1986827 (N.D. Fla. June 4, 2012) (unpublished) (finding firearms exclusion unambiguously precluded coverage for negligence claims derived from death of customer at indoor flee market); *Holmes v. Burns & Wilcox, Ltd.*, No. CV-02-1472 JB/ACT, Doc. 148 at *12 (D.N.M. Jan. 30, 2004) (finding no coverage for assault and battery resulting in death of patron in insured's parking lot where policy contained clear exclusion). In the present case, the Court finds the language of the firearms or ammunition and assault or battery exclusions unambiguously preclude coverage for injuries arising out of a shooting incident at Navajo Lodge.

The Court agrees with Cincinnati that *Lopez* is inapposite. In that case, the underlying complaint was written in "extremely general language." 1994-NMSC-017, ¶ 12. It was unclear whether all claims were connected to acts of sexual misconduct by an elementary school teacher, which were not covered by the insured policy, or separate conduct. *Id.* Therefore, the Court found that the insurer had a duty to defend the teacher and school district until such a determination could be made. *Id.* ¶ 13. In contrast, the instant amended Complaint does not contain any ambiguities about whether the allegations involve a firearm and assault or battery. Further, the Court finds that Cincinnati did not improperly bring any excess allegations in the declaratory judgment action. Both the firearms or ammunition and assault or battery exclusions preclude coverage of the incidents as alleged in the underlying state actions.

IT IS ORDERED that:

(1) the firearms or ammunition and assault or battery exclusions of the Policy exclude coverage for the injuries and damages alleged by Wilson, Urbano, and Maden in their

state lawsuits arising from their alleged injuries from gunshots at Navajo Lodge on February 14, 2015;

(2) Cincinnati does not have a duty to defend or indemnify Navajo Lodge as to the claims by Wilson, Urbano, and Maden relating to allegations of injury caused by gunshots at Navajo Lodge on February 14, 2015; and

(3) default judgment will be entered in favor of Cincinnati, granting a declaratory judgment in accordance with (1) and (2).

_____
UNITED STATES DISTRICT JUDGE