IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINCINNATI SPECIALTY UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

vs.                                                            Civ. No. 15-572 KG/WPL

ALBUQUERQUE NAVAJO LODGE 863
I.B.P.O.E. OF W.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Tausha Urbano and Gerry Maden's Motion for Joinder or Intervention of Required Parties (Motion to Join or Intervene), filed on March 7, 2016. (Doc. 15). Urbano and Maden seek to join this lawsuit under Fed. R. Civ. P. 19(a)(1) or, in the alternative, to intervene under Fed. R. Civ. P. 24(a)(2). Plaintiff filed a response on March 24, 2016, opposing the Motion to Join or Intervene. (Doc. 17). On April 25, 2016, Urbano and Maden filed a reply and requested an evidentiary hearing on the Motion to Join or Intervene. (Doc. 20). Having considered the Motion to Join or Intervene and the accompanying briefing, the Court grants the Motion to Join or Intervene without the need for an evidentiary hearing.

*A. Background*

    Plaintiff brought this declaratory judgment action to decide whether Plaintiff has a duty to defend or indemnify Defendant in state lawsuits brought by Edwin Wilson, Urbano, and Maden for damages relating to injuries sustained at the Navajo Elks Lodge during a comedy performance. Defendant, unable to afford an attorney, failed to file a responsive pleading in this

case.  *See* (Doc. 10).  Consequently, the Clerk entered default and the Court entered a default judgment.  (Doc. 7); (Doc. 14).

Urbano and Maden subsequently filed their Motion to Join or Intervene and a Motion to Set Side Default Judgment (Doc. 16).  After Plaintiff filed its response to the Motion to Join or Intervene, Urbano and Maden entered into a stipulated judgment with Defendant in state court in which Defendant assigned all claims that it has or might have against Plaintiff to Urbano and Maden.  (Doc. 20-1) at 4-5.

*B.  Discussion*

Because Defendant assigned its claims against Plaintiff to Urbano and Maden, Rules 19(a)(1) and 24(a)(2) do not apply.[1]  Instead, since Defendant transferred its claims to Urbano and Maden after the commencement of this federal lawsuit, Fed. R. Civ. P. 25(c) governs any request for joinder.  *See Negron-Almeda v. Santiago*, 579 F.3d 45, 52 (1st Cir. 2009) (Rule 25(c) governs "where a party to a lawsuit transfers an interest during the pendency of the lawsuit or after judgment has been rendered.").

Rule 25(c) provides, in pertinent part:  "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Rule 25(c) is a procedural rule and "does not determine whether the interest is transferable as a matter of law or what actions survive the transfer."  *In re Bishop*, 2016 WL 3092487, at *1(Bankr. C.D. Cal.); *see also Negron-Almeda*, 579 F.3d at 52 (Rule 25(c) is procedural means to bring transferee into court).  Rule 25(c) also does not require any action once a party transfers its interest.  7C Wright, Miller &

---

[1] As assignees, Urbano and Maden are no longer persons "whose interest would somehow be impaired, if those who were before the court proceeded without [them]," Rule 19(a)(1), nor are they third parties who "had some interest in property that might somehow be impaired if [they] could not intervene," Rule 24(a)(2).  *In re Bernal*, 207 F.3d 595, 597 (9th Cir. 2000).

Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 696 (2007).  "The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named."  *Id.*  Under Rule 25(c), a transferee stands in the shoes of the transferor as "to all phases of the litigation," including a default judgment.  *See In re Bernal*, 207 F.3d at 598-99.  Finally, entering an order of joinder under Rule 25(c) "is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation."  7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 696-98.  *See also Prop–Jets, Inc. v. Chandler,* 575 F.2d 1322, 1324 (10th Cir.1978) (decision to join party under Rule 25(c) "is generally within the sound discretion of the trial court.").

Rule 25(c) clearly permits the Court to join Urbano and Maden as defendants in this lawsuit.  To avoid confusion and considering Defendant's lack of legal representation, the Court finds that allowing Urbano and Maden to join the lawsuit will facilitate this litigation.  Hence, the Court will grant the Motion to Join or Intervene.

IT IS ORDERED that

1. the Motion for Joinder or Intervention of Required Parties (Doc. 15) is granted; and
2. Urbano and Maden are joined as Defendants in this lawsuit.

_____
UNITED STATES DISTRICT JUDGE