IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINCINNATI SPECIALTY UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

vs.                                            Civ. No. 15-572 KG/WPL

ALBUQUERQUE NAVAJO LODGE 863
I.B.P.O.E. OF W., TAUSHA URBANO,
and GERRY MADEN,

    Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Tausha Urbano and Gerry Maden's Motion to Set Aside Default Judgment, filed on March 7, 2016. (Doc. 16). Plaintiff filed a response on March 24, 2016, and Urbano and Maden filed a reply on April 25, 2016, which includes a request for an evidentiary hearing. (Docs. 18 and 21). Having reviewed the Motion to Set Aside Default Judgment and the accompanying briefing, the Court denies the Motion to Set Aside Default Judgment without an evidentiary hearing.[1]

*A. Background*

Plaintiff brought this declaratory judgment action to decide whether Plaintiff has a duty to defend or indemnify Defendant Albuquerque Navajo Lodge 863 I.B.P.O.E. of W. (Navajo Lodge) in state lawsuits brought by Edwin Wilson, Urbano, and Maden against Navajo Lodge for damages related to injuries sustained at the Navajo Lodge.

---

[1] Upon examining the Motion to Set Aside Default Judgment and the briefing, the Court does not find that an evidentiary hearing would be either helpful or necessary to decide the Motion to Set Aside Default Judgment.

Navajo Lodge, unable to afford an attorney, failed to file a responsive pleading to either the complaint (Doc. 1) or the amended complaint (Doc. 3).[2] *See* (Doc. 10). Consequently, the Clerk entered a default against Navajo Lodge and the Court entered a default judgment against Navajo Lodge. (Doc. 7); (Doc. 14).

Urbano and Maden then filed a motion to join this lawsuit as well as the Motion to Set Aside Default Judgment. The Court subsequently allowed Urbano and Maden to join this lawsuit as Defendants on the basis of Navajo Lodge's April 11, 2016, assignment of its claims against Plaintiff to Urbano and Maden. (Doc. 24); (Doc. 20-1) at 4-5.

On April 1, 2016, just prior to Navajo Lodge's assignment of its claims to Urbano and Maden, Urbano and Maden took depositions of Navajo Lodge representatives in one of the underlying state cases against Navajo Lodge. The deposition testimony indicates that Navajo Lodge believed and expected that Plaintiff's insurance policy covered the damages sustained by Urbano and Maden. (Docs. 20-3 and 20-4).

B. Discussion

    *1. Standard for Setting Aside Default Judgments*

It is well-established that "default judgments are not favored by courts." *Katzson Bros., Inc. v. U.S.E.P.A.,* 839 F.2d 1396, 1399 (10th Cir.1988). A decision on the merits is the preferred resolution of a legal claim. *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1272 (10th Cir.2001) (quoting *Gocolay v. N.M. Fed. Sav. & Loan Ass'n,* 968 F.2d 1017, 1021 (10th Cir. 1992)). Courts should entertain default judgments "only when the adversary process has been halted because of an essentially unresponsive party." *Cessna Fin. Corp. v. Bielenberg*

---

[2] "A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M. LR-Cv 83.7.

*Masonry Contracting Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983) (quoting *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir.1980)).

Federal Rule of Civil Procedure 55(c) states that courts "may set aside a final default judgment under Rule 60(b)." Here, Defendant seeks to set aside the default judgment under Rule 60(b)(1) and (2) on the grounds of excusable neglect and newly discovered evidence, respectively. In the Tenth Circuit, courts must make three determinations to set aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States,* 517 U.S. 820, 825 (1996). The culpability inquiry is the threshold question. "[I]f the moving party fails to make this showing, the Court need not consider evidence regarding … a lack of prejudice to the non-moving party or the presence of a meritorious defense." *Simmons v. Ohio Civil Serv. Emp. Assoc.,* 259 F.Supp.2d 677, 685 (S.D. Ohio 2003) (citing *Mfs' Indus. Relations Ass'n. v. East Akron Casting Co.,* 58 F.3d 204, 206 (6th Cir.1995)). The culpability requirement is generally met "if the party defaulted willfully or has no excuse for the default." *Timbers Preserve,* 999 F.2d at 454.

    2. *The Culpability Question*

        a. *Excusable Neglect*

Urbano and Maden assert that their lack of knowledge of this lawsuit and Plaintiff's failure to name them as parties necessarily constitutes excusable neglect for not filing a responsive pleading. Urbano and Maden, however, fail to explain how, as latecomers to this lawsuit, they have the ability to set aside a default judgment issued against another party. In a

case similar to this one, a Texas court denied an intervenor's motion to set aside a default judgment against another party, because no legal authority "establish[ed] that an injured party, who intervenes in a declaratory judgment action filed by an insurance company against its insured, is in a position to set aside a default judgment that has been entered against one of the insureds." *Cont'l Cas. Co. v. W. Mach. & Tool, Inc.*, 2004 WL 1445812, at *2 (E.D. Tex.). Like Urbano and Maden, the intervenor was unaware of the lawsuit at the time the court entered the default judgment. The Texas case certainly raises serious concerns about Urbano and Maden's ability to move to set aside the default judgment against Navajo Lodge.

Nevertheless, Urbano and Maden are not mere intervenors. Rather, Urbano and Maden are now assignees of Navajo Lodge's claims against Plaintiff. As such, they stand in the shoes of Navajo Lodge "with respect to all phases of the litigation," including the default judgment. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Consequently, to set aside the default judgment, Urbano and Maden must show that Navajo Lodge's failure to file a responsive pleading constitutes excusable neglect. *Id.* (assignee must explain why its predecessor allowed default to take place).

"[W]hat constitutes excusable neglect is generally an equitable [determination, which takes] into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 934 (11th Cir. 2007). *See also Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990) (Tenth Circuit looks at entire record "to see if the trial judge clearly ignored excusable conduct or failed to recognize some other compelling reason for [Rule 60(b)] relief to be granted."). The Court resolves all doubts in making the Rule 60(b)(1) determination in favor of the party seeking relief. *Cessna Fin. Corp.,* 715 F.2d at 1445

(citing *Jackson,* 636 F.2d at 836).  Moreover, the Rule 60(b)(1) movant has the burden "to plead and *prove* excusable neglect."  *Pelican Prod. Corp.,* 893 F.2d at 1146 (emphasis in original).

It is well-established that a business entity's deliberate decision not to retain counsel and not to answer or respond to a complaint fails to establish excusable neglect.  *See, e.g., Zimmerling v. Affinity Fin. Corp.*, 478 F.Appx. 505, 508 (10th Cir. 2012).  In this case, Navajo Lodge clearly made the deliberate decision not to obtain counsel and not to defend against this lawsuit.  Moreover, the mere fact that Navajo Lodge could not afford an attorney to defend against this lawsuit does not constitute excusable neglect.  *See, e.g., United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, 2012 WL 1115766, at *2 (N.D. Okla.) (company's "[i]nability to hire an attorney does not ordinarily constitute excusable neglect under Rule 60(b)(1)."); *S.E.C. v. Pitters*, 2011 WL 4527811, at *5 (S.D. Fla.) ("It is well established that even if a party cannot afford an attorney, he still has a responsibility to appear and defend.); *GFSI, Inc. v. San Sun Hats & Cap Co.*, 2008 WL 489318, at *3 n.2 (D. Kan.) (default judgment appropriate, because company's "financial difficulties do not override the long recognized rule that corporations must be represented by counsel."); *Richardson Greenshields Sec., Inc. v. Int'l Petroleum Corp.*, 1985 WL 480, at *4 (S.D.N.Y.) (corporation willfully defaulted, because "a party may not decide *ex parte* that it is justified in not defending an action because of lack of funds." (citing *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 823 (2d Cir. 1967)).  Viewing the totality of the circumstances in Navajo Lodge's favor, Urbano and Maden have not demonstrated that Navajo Lodge's neglect in filing a responsive pleading was excusable.  Hence, excusable neglect does not support setting aside the default judgment.

      *b. Newly Discovered Evidence*

Urbano and Maden also contend that the April 2016 depositions produced newly discovered evidence which they did not previously know about. However, as assignees standing in the shoes of Navajo Lodge, Urbano and Maden must convince the Court that the information presented in the depositions was new to Navajo Lodge. Urbano and Maden have not done so. The depositions by Navajo Lodge representatives show that Navajo Lodge expected that the insurance policy provided coverage for damages sustained by Urbano and Maden. Navajo Lodge would, obviously, have had this expectation when it requested Plaintiff to provide insurance coverage in the underlying state lawsuits. *See* (Doc. 3) at ¶ 6. Indeed, the request for coverage prompted Plaintiff to file this federal lawsuit. Consequently, Navajo Lodge possessed an expectation of coverage prior to the entry of default and default judgment in this case. This expectation can hardly be considered "new" evidence. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) ("newly discovered evidence" not "'new' because it was known or discoverable before the court entered" judgment). Hence, the April 2016 depositions do not contain "new" evidence sufficient to warrant setting aside the default judgment.

*3. Conclusion*

Urbano and Maden, as assignees, have failed to demonstrate that Navajo Lodge either did not willfully cause the default or had an excuse for the default. Navajo Lodge was, in fact, a non-responsive party. Navajo Lodge's culpable actions, therefore, caused the default. Because Urbano and Maden did not show that Navajo Lodge meets the threshold culpability requirement, the Court need not address Urbano and Maden's prejudice and meritorious defense arguments.

For all of the above reasons, the Court denies Motion to Set Aside Default Judgment (Doc. 16).

    IT IS SO ORDERED.

                                                                    UNITED STATES DISTRICT JUDGE